UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYLO VAN ROEUN,<br>Plaintiff,<br>v.<br>SIMPSON STRONG-TIE COMPANY, INC.,<br>Defendant. | Case No. 26-cv-07584-RFL<br><br>**ORDER TO SHOW CAUSE REGARDING SUBJECT-MATTER JURISDICTION**<br><br>Re: Dkt. No. 1 |

Cylo Van Roeun filed this wage-and-hour lawsuit presenting only state law claims in state court. Simpson Strong-Tie Company, Inc. nonetheless removed it to federal court, contending that there is federal question jurisdiction because the Labor Management Relations Act of 1947 ("LMRA") preempts Van Roeun's claims. Specifically, Simpson argues that some of Van Roeun's state law claims are barred by Cal. Lab. Code §§ 204(c), 245.5(a)(1) and 514, which exempt employees covered by a collective bargaining agreement ("CBA") meeting certain requirements. Since Simpson contends Van Roeun cannot assert those claims under state law, it contends they are really claims under the CBA masquerading as state law claims.

This Court has previously concluded that under *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146 (9th Cir. 2019), claims that fall within Section 514 and similar exemptions are preempted by the LMRA and therefore give rise to federal question jurisdiction under the complete preemption doctrine. However, a growing minority of courts have persuasively concluded that *Curtis* did not and could not have held that Section 514 gives rise to the complete preemption doctrine. *Cortes v. Mass Elec. Constr. Co.*, No. 25-CV-06714-JSC, 2025 WL 3685194, at *4–5 (N.D. Cal. Dec. 18, 2025); *see also Hernandez v. Pac. Underground Constr., Inc.*, 794 F. Supp.

3d 696, 705–06 (N.D. Cal. 2025); *Sica v. Silicon Valley Mech., Inc.*, No. 26-CV-00180-VC, 2026 WL 1379906, at *1 (N.D. Cal. May 13, 2026). Those courts reason that Section 514 and other similar provisions constitute affirmative defenses under California law, and both the Supreme Court and prior Ninth Circuit panels squarely held that "the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule." *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987); *Cortes*, 2025 WL 3685194, at *4–5. *Curtis* could not overrule that precedent. The same logic would seem to apply to the claims under Sections 204(c) and 245.5(a)(1). Section 204(c) contains operative language similar to that of Section 514. And Section 245.5(a)(1) phrases its exclusion of certain CBA-covered employees from its coverage as an exemption, which would mean that the assertion of the exemption constitutes an affirmative defense. *See Ramirez v. Yosemite Water Co.*, 978 P.2d 2, 8 (Cal. 1999).

Accordingly, Simpson is **ORDERED TO SHOW CAUSE** in a written statement of no more than five pages by **October 5, 2026** why this case should not be remanded to state court for lack of subject-matter jurisdiction. Van Roeun may file a response to Simpson's statement, also of no more than five pages, by **October 13, 2026**.

**IT IS SO ORDERED.**

Dated: September 21, 2026

RITA F. LIN
United States District Judge